■ BERNICE K. FULTON, as Administratrix of the Estate of SIDNEY C. FULTON, Deceased, Appellant, v. BENSKIN & KING BUILDING & DESIGN ASSOCIATES, INCORPORATED, Respondent.— In an action to recover damages for wrongful death and for conscious pain and suffering, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered November 29, 1965 after a nonjury trial, in favor of defendant. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event. The decedent died as a result of injuries received in a two-car collision at the light-controlled intersection of 151st Street and Amsterdam Avenue in the Borough of Manhattan, City of New York, during the early morning of March 12, 1962. The evidence indisputably established that the decedent, as the operator of a Chrysler automobile in which there were two passengers, who were the only eyewitnesses at the trial, was driving west on 151st Street. As they proceeded through the intersection their car was struck on the left side by a Lincoln automobile traveling north on Amsterdam Avenue. The operator of the Lincoln, which was owned by defendant, was never produced or identified. The evidence was sufficient to support a finding by the trial court of negligence on the part of defendant. On the question of contributory negligence we are presented with a more difficult problem. The Trial Justice found that the decedent was intoxicated and therefore negligent. Unless we equate his factual finding of intoxication with the plea of guilty to driving while intoxicated in *O'Neill* v. *Hamill* (22 A D 2d 691) by a defendant in that case, and hold that such finding, premised on the presence of 0.16 by weight of alcohol

in the decedent's blood and the testimony of one of the passengers that the decedent drove a weaving course, which was a violation of a statute (Vehicle and Traffic Law, § 1192) and as such was negligence *per se,* we have no predicate for a finding of negligence on the decedent's part. Beyond that, despite such negligence on the part of the decedent, there must be a further showing that such negligence was a proximate cause of the accident (*O'Neill* v. *Hamill, supra*). The fact that the decedent was negligent does not bar plaintiff from recovery. " It must also appear the negligence was a proximate or contributory cause of the accident" (*Ortiz* v. *Kinoshita & Co.,* 30 A D 2d 334, 335). In our opinion proof of such causal connection was lacking. The judgment should be reversed and a new trial granted. Benjamin, Munder and Martuscello, JJ., concur; Rabin, Acting P. J., and Hopkins, J., dissent and vote to affirm the judgment.